[Crim. No. 41.   Third Appellate District.—February 26, 1907.]

## In re CHARLES NARVAEZ, on Habeas Corpus.

HABEAS CORPUS—TWO COMMITMENTS FROM JUSTICE COURT—SINGLE CHARGE OF PETIT LARCENY—VOID CUMULATIVE COMMITMENT—PRESUMPTIONS NOT INDULGED.—Where two cumulative commitments of six months each on two judgments were made in the justice's court on what appears to be but one charge of petit larceny, there being nothing in the record to show the contrary, no presumption can be indulged in favor of the regularity of the proceedings in the justice's court, and it cannot be presumed that there were two complaints identical in their averments, but constituting two distinct crimes, to support the second commitment. It must be deemed void; and at the expiration of the first sentence of six months, the defendant is entitled to be discharged on *habeas corpus.*

HEARING on writ of *habeas corpus* to test the validity of cumulative commitments from the justice's court for Montezuma Township, in Solano County. A. W. McDonald, Justice of the Peace.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Petitioner.

J. M. Raines, District Attorney, for Respondent.

CHIPMAN, P. J.—It appears from the uncontroverted facts set forth in the petition that petitioner was, on September 19, 1906, arraigned in the justice's court of Montezuma township, Solano county, on the charge of petit larceny, for the theft of two sacks of barley; he pleaded guilty thereto and was sentenced to imprisonment in the county jail for the period of one hundred and eighty days; that he was delivered to the sheriff of said county on said day and has been ever since said day, continuously and is now, confined in said county jail, by virtue of two judgments or commitments, and not otherwise, copies of which are attached to the petition and made part thereof; that the board of supervisors of said county duly and regularly allowed petitioner thirty days' credit upon his aforesaid term of imprisonment. It appears that the two judgments or commitments are identical and describe the same offense, the only difference being that the closing paragraph of one reads as follows: "To take effect upon the expiration of the judgment previously rendered upon the above-mentioned date in an action entitled as above." The petition was filed on February 20, 1907, and the hearing was on February 23, 1907.

It will thus appear that petitioner has already served the full period of imprisonment for which the justice of the peace had jurisdiction to commit the prisoner for a single charge of petit larceny, which is six months. (Pen. Code, secs. 490, 1205.) The two commitments show that they related to but one charge, namely, the stealing of two sacks of barley; no other construction can fairly be put upon them. If there was another charge or another complaint to which the second commitment could, or was intended to, apply, it has not been made to so appear.

It is not material which one of the commitments is taken as justification for the imprisonment; whichever one it may be, the petitioner has served the full period for which he can be held upon the conviction of a single charge of petit larceny. During the maximum time for which he was legally committed he would not be entitled to his discharge, but he cannot be held to suffer a punishment for a period in excess of that within the power of the justice to impose. (*Ex parte Bulger,* 60 Cal. 438.) There must not only be jurisdiction of the person and the subject matter, but there must be jurisdiction to impose the sentence which is adjudged. Without such jurisdiction the sentence is not merely voidable, but is void.

It cannot be presumed that there were two complaints identical in their averments but embracing two separate and distinct crimes in order to discover support for a second commitment.

No presumptions will be indulged as to the regularity of the proceedings in a justice's court. (*Ex parte Kearney,* 55 Cal. 212.)

Apparently the petitioner is being imprisoned without lawful authority.

The prisoner is discharged from custody.

Burnett, J., and Hart, J., concurred.